L. S. HOLDERMAN *et al.*

*v.*

EDWARD C. GRAY.

*Filed at Springfield October 31, 1889.*

1. TRUST—*whether a trust exists—sufficiency of proof.* In this case, the evidence showed that a party bought and paid for certain town lots, and had a conveyance therefor made to his wife, who was not shown to have paid any part of the consideration. She, being in very poor health and expecting not to live, united with her husband in a deed to a friend of the latter, the deed expressing $1000 as the consideration, but the evidence showed that the grantee paid nothing. There was proof that the grantee agreed, at the time of the conveyance, to hold the lots in trust, and in case of the wife's recovery he would reconvey to her, or, in the event of her death, to the husband. There was no change of possession, and the husband continued to occupy the premises for many years thereafter, and paid all taxes thereon and exercised acts of ownership up to the death of the grantee, some twelve years after the date of the deed. It was also proved that the grantee admitted that the lots belonged to the husband, and he wrote two letters to the latter, stating that he would convey the property to him or to any one as he might direct, which letters were lost: *Held,* that the proof was sufficient to sustain a decree establishing a trust in the grantee, and requiring his heirs to convey to the grantor, his wife having died.

2. WITNESS—*competency—a party to the suit, against heirs.* On bill against the heirs-at-law of a deceased person, to compel them to execute a deed for land, on the ground that their ancestor held the land in trust for the complainant, the latter is not a competent witness to prove the trust.

APPEAL from the Circuit Court of Ford county; the Hon. ALFRED SAMPLE, Judge, presiding.

This was a bill in equity, brought by Edward C. Gray, against L. S. Holderman and George H. Edwards, and others, heirs-at-law of Charles H. Wyman, (*alias* Edwards,) deceased, to enforce a conveyance of lots 1, 2, 3 and 4, block 60, in Mix's addition to Paxton.

It appears from the testimony heard on the trial, that the lots originally belonged to James Mix, who sold them, by con-

tract for deed, to J. R. Francis. Francis tranferred the contract to Shepardson, and in 1867 Shepardson sold the contract to Edward C. Gray, the complainant. Gray at once took possession of the lots, and subsequently paid the balance of the purchase money, and on March 2, 1871, James Mix conveyed the property to Frankie V. Gray, wife of complainant. On the 10th day of December, 1875, Frankie V. Gray and complainant conveyed the lots to Charles H. Wyman. At the time this conveyance was made, complainant and his wife had no children. The wife was in poor health, and it is contended by the complainant that the deed was executed in pursuance of an agreement entered into between himself, his wife and Wyman, that Wyman was to hold the title to the lots in his name, and in the event that Frankie V. Gray recovered her health, the deed was to be returned, but if she died, then Wyman was to convey to the complainant, or to such other person as he might direct.

The answers of defendants admit the conveyance of the premises by Mix to Frankie V. Gray; deny that any agreement of any kind was made by and between said complainant and said Charles H. Wyman, *alias* Austin L. Edwards, as charged in the bill of complaint; deny that said conveyance was made to Wyman upon the trusts in the bill mentioned, or upon any trust or confidence whatever; aver that if any such agreement as mentioned in said bill, or any such trust between complainant and the said Wyman, existed, the same was not manifested by any writing signed by said Wyman, and the same was void under and by virtue of section 9, chapter 59, of the Revised Statutes of Illinois, and the respondents rely upon the defense of such statute as fully as if specially pleaded.

The complainant filed a replication to the answers, and on the hearing, on the pleadings and evidence, the court rendered a decree in favor of the complainant, as prayed for in the bill, to reverse which the defendants appealed.

Mr. J. B. MANN, for the appellants:

The appellee was incompetent to testify, and without his testimony the decree is without support.

The recital in the deed of the payment of $1000 raises a presumption against the allegation of a voluntary conveyance, and such allegation must be proved by evidence of a clear and convincing character. 2 Washburn on Real Prop. 619.

The presumption of a valuable consideration being wholly unrebutted, no trust in favor of appellee can be established except by a written declaration signed by the grantee, when the defense of the Statute of Frauds is interposed.

As to the pretended letter referred to by Earl, enough appears to show its utter worthlessness as a declaration or admission of trust. As to the application of the Statute of Frauds, see *Steere* v. *Steere,* 5 Johns. Ch. 1; *Lawson* v. *Lawson,* 117 Ill. 98; *Stevenson* v. *Crapnell,* 114 id. 19.

Doubtless cases may be found in which it has been held that where one procures a deed to be made to him by one and his wife, with the agreement that he is to convey the same to another, or to one of the grantors, such agreement is not within the Statute of Frauds. But such cases have no application to the one at bar, for the reason that the allegations of the bill are, that appellee procured Wyman to take a deed, and the title was to be held by him in trust, to reconvey to Mrs. Gray if she recovered her health, and in the event of her death, to hold the same in trust for the appellee. The principle involved in the case at bar is identical with that in *Stevenson* v. *Crapnell, supra.*

Mr. THOMAS F. TIPTON, for the appellee:

If a party obtains title to real property, with the understanding that he is to hold the title for the grantor, this is sufficient to raise a trust in favor of the latter, and this fact may be proved by parol. 2 Washburn on Real Prop. (3d ed.) 451; *Dennis* v. *McCagg,* 32 Ill. 429; *Morgan* v. *Clayton,* 61

id. 35; *Strong* v. *Shea*, 83 id. 575; *Switzer* v. *Stiles*, 3 Gilm. 529; *Wright* v. *Gay*, 101 Ill. 233; *Brophy* v. *Lawler*, 107 id. 284; *Roller* v. *Spillman*, 13 Wis. 33.

If a party assumes, voluntarily, a confidential relation toward another, he can not thereafter do any act for his own gain at the expense of that relation. *Allen* v. *Jackson*, 122 Ill. 571; Kerr on Fraud and Mistake, (Bump's ed.) 151-179; *Reed* v. *Peterson*, 91 Ill. 295.

In such case a trust arises by construction of law. *Allen* v. *Jackson*, 122 Ill. 571; Perry on Trusts, (1st ed.) 166; Kerr on Fraud and Mistake, (Bump's ed.) 150; *Beach* v. *Dyer*, 93 Ill. 295; *Doyle* v. *Wiley*, 15 id. 576; *Trotter* v. *Smith*, 59 id. 240; Tiffany & Bullard on Trusts, 113, 115, 120.

The deed being executed for the sole purpose of placing the title in appellee on the death of Frankie V. Gray, the case is not affected by the Statute of Frauds. *Henschel* v. *Mamero*, 120 Ill. 660; *Allen* v. *Jackson*, 122 id. 567; *Wright* v. *Gay*, 101 id. 241; *Fishback* v. *Gross*, 112 id. 209.

When the title to land is received by a party by reason of a confidential relation, and under such circumstances that he ought not, according to the rules of equity, to hold and enjoy the beneficial interest of such property, courts of equity will raise a trust by operation of law, and will decree a conveyance. *Reed* v. *Peterson*, 91 Ill. 295; *Allen* v. *Jackson*, 122 id. 567.

A contract within the Statute of Frauds is binding on the parties, and can only be avoided by invoking the statute. The right to plead the Statute of Frauds is a personal right, and does not extend to heirs and assigns. *Kelly* v. *Kendall*, 118 Ill. 650; *Insurance Co.* v. *Gordon*, 20 Bradw. 566; *Mitchell* v. *King*, 77 Ill. 462; *Hughes* v. *Lumsden*, 8 Bradw. 185; Brown on Statute of Frauds, sec. 135.

As to all the facts occurring after the death of Wyman, and also as to the loss of the letters and the search for them, see 1 Wharton on Evidence, secs. 151, 476; *Wade* v. *Wade*, 12 Ill. 89; 47 N. Y. 289.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The deed from Frankie V. Gray and complainant to Charles H. Wyman recites a consideration of $1000 as paid for the lots, but it is not shown by the evidence that any consideration was in fact paid by Wyman for the deed, and we think it is apparent, from an examination of all the evidence, that no consideration ever passed from Wyman for the property. Wyman never went into the possession of the property, but the possession remained in complainant after the deed was executed, as it did before. Wyman paid no taxes on the property after the deed was made to him, but the complainant, each year after the making of the deed, paid the taxes, as he had done from the time he made the purchase, in 1867. Wyman exercised no acts of ownership over the property, and when spoken to in regard to it, referred parties to the complainant. Wyman at one time owned certain lots in the same locality where these lots are situated, and after he had sold them, and while he held the deed to the property in controversy, he declared that he had "got clear of the last piece of property he owned in Paxton." Indeed, Wyman never, at any time after the conveyance to him, during a period of nearly twelve years before his death, treated the property as a person would who owned it; and while there may be some doubt in reference to the true nature of the contract between Wyman and complainant when the deed was made, we think it is apparent that Wyman paid nothing for the property, and did not receive the deed as a purchaser.

If, then, there was no consideration for the deed, the next question to be determined is, whether Wyman held the property in trust for complainant. The contract for the lots was purchased, in the first instance, by complainant, in 1867. This is shown by Shepardson, who testified that he sold the contract to E. C. Gray, and he paid for the same. Shepardson assigned the contract to complainant. It is true that

Gray subsequently assigned the contract to Frankie V. Norton, whom he subsequently married; but there is no evidence that she paid anything for the assignment, and we do not regard the assignment to her of any special importance. After a due consideration of all the evidence, we think it fair to conclude that complainant purchased the property, and owned it when the conveyance was made to Wyman. The complainant testified that Wyman paid nothing for the property, and that he held it in trust, to be conveyed to him, or to such person as he might direct. He also testified, that he received two letters from Wyman after the deed was executed, in which Wyman wrote, over his own signature, that in case complainant's wife recovered, he was to convey the property back to her, but if she died, then he was to convey to complainant, or to any other person as complainant might direct.

If this evidence was competent, it might, in connection with the other facts proven, authorize the court to render the decree. But it is said that the defendants interposed their defense as heirs of Charles H. Wyman, deceased, and under the statute the evidence of complainant is inadmissible. Under the terms of our statute we do not think that the evidence of complainant was admissible. But excluding complainant's evidence, he established substantially the same facts by the witness Earl. Earl, as he testified, had two conversations with Wyman, in which the latter stated how he held the title to the lots, and he testified that he saw and read the two letters which complainant testified were written by Wyman. It is said this witness is not to be believed;° but he was not impeached, and so far as this record shows his evidence is reliable.

It appears that the sheriff called on the complainant with executions, and demanded property, and that complainant told the sheriff that he had no property, and this admission, it is insisted, is strong evidence that complainant had no interest in the property in controversy. If the defendants had interposed the defense that complainant had conveyed this

property for the purpose of defrauding creditors, such evidence might have an important bearing in the decision of the case; but that defense was not relied upon, and we do not regard the declaration made to the sheriff, under the circumstances, as of controlling importance. We do not, however, regard it necessary to enter upon a close analysis of all the evidence introduced on the trial, but we are inclined to hold, after due consideration of the evidence, that it is sufficient to sustain the decree.

The decree will be affirmed.

*Decree affirmed.*